MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
SAMUEL M. BOYAMIAN (SBN 316877)
*Samuel@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Attorneys for Plaintiff, Jeremy W. Faith, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 9:24-bk-10178-RC |
| BROBASKET CALIFORNIA, LLC, | |
| Debtor. | Chapter 7 |
| JEREMY W. FAITH, Chapter 7 Trustee, | Adv. No.: _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547];** |
| ORION SOURCE, INC., a California corporation, | **(2) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549];** |
| Defendant. | **(3) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502];** |
| | **(4) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND** |
| | **(5) PRESERVING TRANSFERS [11 U.S.C. § 551]** |

For his *Complaint for (1) Avoidance Of Preferential Transfers [11 U.S.C. § 547];* *(2) Avoidance Of Post-Petition Transfers [11 U.S.C. § 549]; (3) Disallowance Of Claims* *[11 U.S.C. § 502]; (4) Recovery Of Avoided Transfers [11 U.S.C. § 550]; and (5)* *Preserving Transfers [11 U.S.C. § 551],* Jeremy W. Faith, the chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of debtor BroBasket California, LLC (the "Debtor"), alleges as follows:

## I.    JURISDICTION

1.    The United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b) because the claims asserted herein arise under title 11 of the United States Code and/or arise in or relate to the Chapter 7 case of the Debtor currently pending in the Bankruptcy Court as *In re BroBasket California, LLC*, Case Number 9:24-bk-10178-RC (the "Bankruptcy Case"). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).  The outcome of this adversary proceeding will have a significant effect on the Estate because it will impact the disposition of property of the Estate and the amount of money available for distribution to creditors. The claims for relief alleged in this Complaint constitute core proceedings under 28 U.S.C. § 157(b). Regardless of whether this proceeding is a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.  Defendant is hereby notified that Fed. R. Bankr. P. 7012(b) requires each defendant to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

2.    Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409(a) because this proceeding arises under and in connection with a case filed under title 11 which is pending in this district.  Pursuant to 28 U.S.C. § 1391, venue is also appropriate in this district and division because the defendant is authorized to and regularly does carry out business in this district and many of their wrongful acts, omissions and/or conduct as complained of in this Complaint took place within this district.  Accordingly, this Court also has personal jurisdiction over the defendant.

3. This is an adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

4. Plaintiff, as Chapter 7 Trustee of the Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 323, 547, 550, and 551.

## II.   PARTIES

5. Plaintiff Jeremy W. Faith is the Chapter 7 Trustee of the Debtor's Estate and brings this action solely in his capacity as the Chapter 7 Trustee for the Debtor's Estate.

6. Plaintiff is informed and believes that Defendant Orion Source, Inc. is a California corporation ("Defendant") and is subject to the jurisdiction of this court.

7. Plaintiff is informed and believes that Defendant conducts business in this judicial district and is subject to the jurisdiction of this court.

## III.   GENERAL ALLEGATIONS

8. On February 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Bankruptcy Case.

9. Plaintiff was appointed as the Chapter 7 Trustee to administer the Debtor's Estate.

10. Plaintiff is informed and believes that the Debtor is a corporation organized under the laws of the State of California with its principal place of business in Culver City, California.

11. Plaintiff is informed and believes that prior to the Petition Date, the Debtor operated an online retail business specializing in alcohol-themed and custom gift baskets geared towards men.

12. Plaintiff is informed and believes that Defendant provided logistical support to deliver Debtor's goods to its customers.

13. Plaintiff is informed and believes that within the ninety (90) days prior to the Petition Date, Defendant received the following sixteen (16) transfers from the Debtor

totaling $151,247.97 to Defendant (the "Pre-Petition Transfers"):

| DATE OF PAYMENT | AMOUNT OF PAYMENT | PAYMENT TYPE |
|---|---|---|
| 11/07/2023 | $2,886.21 | Chase Checking Account #5337 |
| 11/14/2023 | $2,662.97 | Chase Checking Account #5337 |
| 11/21/2023 | $2,375.50 | Chase Checking Account #5337 |
| 11/29/2023 | $4,570.59 | Chase Checking Account #5337 |
| 12/06/2023 | $2,949.71 | Chase Checking Account #5337 |
| 12/12/2023 | $5,023.57 | Chase Checking Account #5337 |
| 12/19/2023 | $9,344.86 | Chase Checking Account #5337 |
| 12/27/2023 | $21,170.61 | Chase Checking Account #5337 |
| 01/03/2024 | $49,000.00 | Chase Checking Account #5337 |
| 01/04/2024 | $11,439.31 | Chase Checking Account #5337 |
| 01/09/2024 | $20,638.30 | Chase Checking Account #5337 |
| 01/17/2024 | $6,059.14 | Chase Checking Account #5337 |
| 01/23/2024 | $5,032.21 | Chase Checking Account #5337 |
| 01/31/2024 | $2,760.12 | Chase Checking Account #5337 |
| 02/06/2024 | $2,961.04 | Chase Checking Account #5337 |
| 02/13/2024 | $2,373.83 | Chase Checking Account #5337 |
| TOTAL: | $151,247.97 | |

14.    Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up each of the Pre-Petition Transfers as each of the Pre-Petition Transfers were drawn against and cleared from the Debtor's bank account (the Chase checking account ending in 5337).

15.    Plaintiff is informed and believes that each of the Pre-Petition Transfers was paid on account of outstanding debt(s) owed by the Debtor to Defendant at the time the payments were made.

16.    Prior to commencing this action, Plaintiff performed reasonable due diligence regarding Defendant's potential affirmative defenses to the claims asserted herein.  The due diligence was performed with the assistance of the Trustee's counsel and accountants by reviewing the Debtor's books and records, analyzing payments made by the Debtor to Defendant, and confirming associated information regarding Defendant's invoices to the Debtor.

17.    Plaintiff has made demand on Defendant for the return of the Pre-Petition Transfers.  Defendant has responded to Plaintiff's demand and disputes the Trustee's claims.

18. Plaintiff is informed and believes that after the Petition Date, Defendant received at least $7,509.47 from the Debtor (the "Post-Petition Transfers", collectively with the Pre-Petition Transfers, the "Transfers"), which are itemized below:

| DATE OF PAYMENT | AMOUNT OF PAYMENT | PAYMENT TYPE |
| --- | --- | --- |
| 02/21/2024 | $205.80 | Chase Checking #5337 |
| 02/27/2024 | $3,956.19 | Chase Checking #5337 |
| 03/06/2024 | $2,399.50 | Chase Checking #5337 |
| 03/13/2024 | $903.07 | Chase Checking #5337 |
| 03/20/2024 | $44.91 | Chase Checking #5337 |
| TOTAL: | $7,509.47 | |

19. Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up each of the Post-Petition Transfers which were drawn against and cleared from the Debtor's bank account (the Chase checking account ending in 5337).

20. Plaintiff has made demand on Defendant for the return of the Post-Petition Transfers. Defendant has responded to Plaintiff's demand and disputes the Trustee's claims.

### FIRST CLAIM FOR RELIEF

### (AVOIDANCE OF PREFERENTIAL TRANSFERS)

### [11 U.S.C. § 547]

21. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

22. The Pre-Petition Transfers were transfers of an interest of the Debtor in property.

23. The Debtor made the Pre-Petition Transfers within the ninety (90) days prior to the Petition Date.

24. The Pre-Petition Transfers were made to or for the benefit of Defendant at a time in which Defendant was a creditor of the Debtor, as the term "creditor" is defined by 11 U.S.C. § 101(10).

25. The Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant.

4

26.     The Pre-Petition Transfers were made while the Debtor was insolvent.

27.     The Pre-Petition Transfers enabled Defendant to receive more than it would have received as a creditor if: (a) the Pre-Petition Transfers had not been made; and (b) Defendant received payment of the debts they were owed to the extent provided under the Bankruptcy Code.

28.     Interest on the Pre-Petition Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Pre-Petition Transfers were made.

29.     Plaintiff performed reasonable due diligence in the circumstances of Defendant's known or reasonably knowable affirmative defenses.

30.     The Pre-Petition Transfers were preferential transfers avoidable under 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (Avoidance of Post-Petition Transfers)

### [11 U.S.C. § 549]

31.     Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

32.     The Post-Petition Transfers were transfers of property of the Estate.

33.     The Post-Petition Transfers occurred after the commencement of the Debtor's bankruptcy case.

34.     The Post-Petition Transfers were not authorized under the Bankruptcy Code or by the Court.

35.     The Post-Petition are avoidable by the Trustee pursuant to 11 U.S.C. § 549(a).

///

///

///

///

5

**THIRD CLAIM FOR RELIEF**

**(Disallowance of Claim)**

**[11 U.S.C. § 502]**

36.    Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

37.    Defendant is the initial transferee of the Pre-Petition Transfers and the Post-Petition Transfers (hereinafter, collectively, the "Transfers").

38.    Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

39.    Defendant has not paid Plaintiff or the Estate the amount for which it is liable under 11 U.S.C. § 550.

40.    Defendant has not turned over to Plaintiff or the Estate, the property for which it is liable under 11 U.S.C. § 550.

41.    Accordingly, to the extent Defendant has filed or files a claim in the Debtor's Bankruptcy Case, such claim should be disallowed pursuant to 11 U.S.C. § 502(d).

**FOURTH CLAIM FOR RELIEF**

**(Recovery of Avoided Transfers)**

**[11 U.S.C. § 550]**

42.    Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

43.    Defendant was the initial transferee of each of the Transfers and/or Defendant was the entity for whose benefit the Transfers were made or the mediate or immediate transferee of the Transfers.

44.    Pursuant to 11 U.S.C. § 550, Plaintiff may recover from Defendant the value of the property transferred through the Transfers, plus interest at the maximum legal rate from and after the date of each of the Transfers.

///

## FIFTH CLAIM FOR RELIEF

### (Preservation of Avoided Transfers)

### [11 U.S.C. § 551]

45.    Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

46.    Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the Estate, the Transfers once avoided.

**WHEREFORE**, Plaintiff prays for relief as follows:

    a.  For judgment avoiding the Pre-Petition Transfers as preferential transfers under 11 U.S.C. § 547(b);

    b.  For judgment avoiding the Post-Petition Transfers under 11 U.S.C. § 549;

    c.  For disallowance of any claims asserted by Defendant, pursuant to 11 U.S.C. § 502(d);

    d.  For an order recovering and preserving the Transfers or the value of said transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551;

    e.  For costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

    f.  For such other and further relief as this Court deems just and proper.

DATED:  April 3, 2026                **MARGULIES FAITH, LLP**

By: */s/ Samuel M. Boyamian*
Meghann A. Triplett
Samuel M. Boyamian
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 7 Trustee

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547]; (2) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549]; (3) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502]; (4) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND (6) PRESERVING TRANSFERS [11 U.S.C. § 551]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **April 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **April 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>JUDGE</u>: Service on Judge not required per Judge Clifford's Procedures (Rev. 7/10/2025)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

NONE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2026 | Vicky Castrellon | /s/ *Vicky Castrellon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE INFORMATION

**1**. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:

**Jessica L Bagdanov on behalf of Interested Party Courtesy NEF**
jbagdanov@bg.law, ecf@bg.law

**William C Beall on behalf of Defendant Nate's Fine Foods, a California Limited Liability Company**
Will@BeallandBurkhardt.com, carissa@beallandburkhardt.com

**Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 7 Trustee**
samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

**Samuel Mushegh Boyamian on behalf of Trustee Jeremy W. Faith (TR)**
samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

**Jeremy W. Faith (TR)**
Trustee@MarguliesFaithlaw.com, C118@ecfcbis.com;leedowding@gmail.com

**Todd C. Ringstad on behalf of Interested Party Courtesy NEF**
becky@ringstadlaw.com, arlene@ringstadlaw.com

**Jeremy H Rothstein on behalf of Debtor BroBasket California, LLC**
jrothstein@gblawllp.com, msingleman@gblawllp.com;acontreras@gblawllp.com

**Nicholas Serrano on behalf of Creditor California Dept. of Tax and Fee Administration**
nicholas.serrano@cdtfa.ca.gov

**Meghann A Triplett on behalf of Interested Party Courtesy NEF**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

**Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 7 Trustee**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

**Meghann A Triplett on behalf of Trustee Jeremy W. Faith (TR)**
Meghann@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com

**United States Trustee (ND)**
ustpregion16.nd.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**